Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | BLANCHE M. MANNING | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5170 | **DATE** | September 9, 2010 |
| **CASE TITLE** | Nathaniel Todd (#2009-0013567) vs. Thomas J. Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff having "struck out" pursuant to 28 U.S.C. § 1915(g), his motion for leave to proceed *in forma pauperis* [#3] is denied. The plaintiff must pay the full statutory filing fee of $350 within fourteen days of the date of this order. Failure to pay the $350 filing fee within fourteen days will result in summary dismissal of this case. *See* Local Rule 3.3(e) (N.D. Ill). The plaintiff should type or neatly print all court filings to ensure that they are readable.

■ [**For further details see text below.**]    **Docketing to mail notices.**

## STATEMENT

    The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and seeks leave to proceed *in forma pauperis*. However, a review of the court's docket reveals that the plaintiff is barred from proceeding without paying the full statutory filing fee in advance.

    The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

    At least three of Mr. Todd's previous actions, all of which were filed while he was incarcerated or detained, have been dismissed in this district on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Todd v. Cook County Circuit Court System*, Case No. 09 C 6130 (N.D. Ill.), dismissed on initial review pursuant to 28 U.S.C. § 1915A, *see* Memorandum Opinion and Order of October 6, 2009 (Shadur, J.); *Todd v. Luppino*, Case No. 09 C 6942 (N.D. Ill.), dismissed on threshold review pursuant to 28 U.S.C. § 1915A, *see* Minute Order of January 15, 2010 (Manning, J.); and *Todd v. State of*
**(CONTINUED)**

mjm

| STATEMENT |
|---|

*Illinois*, Case No. 10 C 1742 (N.D. Ill.), dismissed on threshold review pursuant to 28 U.S.C. § 1915A by Minute Order of January 15, 2010 (Kennelly, J.).

Although the plaintiff's current complaint is barely legible and difficult to decipher, this case does not appear to involve imminent danger of serious physical injury. The plaintiff complains of bad food at the jail (which is the subject of another of his already-pending lawsuits), alleged harassment by the correctional staff, missed or wrong medications on occasion, problems with the commissary, issues with mail, and other sundry matters relating to the conditions of his confinement. In the absence of imminent danger of serious physical injury, 28 U.S.C. §1915(g) prevents him from proceeding without the full prepayment of the $350 filing fee.

For the foregoing reasons, the court therefore denies the plaintiff's motion for leave to file *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). If the plaintiff fails to pay the $350 filing fee within fourteen days, the court will enter judgment dismissing this case in its entirety. *See* Local Rule 3.3(e) (N.D. Ill).

As a final concern, the plaintiff is advised that it is in his best interests to ensure that his pleadings and motions are legible. If the plaintiff cannot type court filings, then he should neatly and carefully print them in block letters, using appropriate margins and spaces between lines so that the documents can be easily read. Ignoring other pleading deficiencies, the court cannot entirely make out what the plaintiff is trying to say. However, the court will address the propriety of the complaint upon receipt of the statutory filing fee.